# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>DAVID ARNOLD,<br><br>　　　　　　　　　　　Defendant. | 3:15-cv-00109-MMD-WGC<br>(Related Citations: 3996421/CC15;<br>3996422/CC15; 3996423/CC15;<br>3996424/CC15; F3634238/M6H)<br><br>**<u>ORDER</u>** |

Before the court are various requests submitted by David Arnold in an e-mail to District Judge Du's Courtroom Administrator, Peggie Vannozzi. The court will provide some background leading up to this submission, and then will address the issues raised in the documents.

**A. Underlying Proceeding**

Arnold appeared before the undersigned in an initial appearance after being arrested in this district pursuant to warrants issued in the Central District of California and the District of Montana in connection with citations issued for petty offenses within those districts. (*See* 3:15-cv-00109-MMD-WGC, Doc. # 4[1] at 1.)

Specifically, warrants for Arnold's arrest were issued in the Central District of California in connection with four petty offense citations: 3996421/CC15 (unlawful closure, obstruction of public lands); 3996422/CC15 (exceed 14 day camping limit); 3996423/CC15 (occupy public lands for other than casual short term); and 399c424/CC15 (erect structure on public lands). (Docs. # 4-1, # 4-2, # 4-3, # 4-4, # 4-9.) A warrant was also issued for Arnold's arrest in connection with a petty offense citation issued for unauthorized camping in the District of Montana, Citation No. F3634238. (Docs. # 4-5, # 4-10.)

Arnold was subsequently arrested, and appeared before the undersigned on January 30,

---

[1] Refers to court's docket number.

1  2015. (Doc. # 4.) He submitted a financial affidavit (Doc. # 6), and was appointed counsel,
2  Assistant Federal Public Defender Loran Gorman. (Doc. # 7.) The United States was represented
3  by Assistant United States Attorney Carla Higginbotham. (Doc. # 4.) Arnold was faced with
4  being transferred by the U.S. Marshal to either the Central District of California or the District of
5  Montana for an initial appearance related to the arrest warrants, or pursuant to Federal Rules of
6  Criminal Procedure 5, 20, and 58, he could consent to transfer of the matters to the District of
7  Nevada, where he was arrested. To transfer the matters to this district, however, required Arnold
8  to elect to plead guilty or nolo contendere and waive venue and trial in the districts where the
9  warrants issued, and consent to the court disposing of the case in the district where he was
10 arrested. Fed. R. Crim. P. 58(c)(2)(A).

11 Arnold consented to transfer the petty offenses from the Central District of California and
12 the District of Montana to the District of Nevada. (Doc. # 4.) Arnold was advised of his rights
13 and of the charges pending against him. (*Id*.) The assertion of Fifth and Sixth Amendment rights
14 form was filed in open court. (*Id.*, Doc. # 8.) Arnold entered and the court accepted a plea of nolo
15 contendere as to the four petty offense citations from the Central District of California (Citations
16 Nos. 3996421/CC15, 3996422/CC15, 3996423/CC15, and 3996424/CC15). (Doc. # 4.) He was
17 assessed a total fine of $10 per citation and mandatory processing fee of $25 per citation, for a
18 total of $140. (*Id.* at 2.) He was to allowed to make the payments in two installments, with the
19 first due on February 2, 2015, and the second due on March 2, 2015. (*Id*.) The citation from the
20 District of Montana, No. F3634238/M6H was dismissed pursuant to an order from that district,
21 and the arrest warrant was quashed. (*Id*., Doc. # 4 at 3.) The warrants issued from California
22 were returned executed, and Arnold was ordered released. (*Id*.)

23 **B. Arnold's Fax to Chambers**

24 On February 11, 2015, the undersigned received a fax in chambers bearing Arnold's name
25 and address referencing Citations Nos. 3996421-3996424, and entitled "Motion for
26 Reconsideration." The court issued minutes on February 11, 2015, advising that the local rules
27 do not permit fax filings except in death penalty cases. (*See* 3:15-cv-00109-MMD-WGC, Doc. #
28 3.) Moreover, the document was inappropriately submitted to the court ex parte, without a

1  demonstration of good cause as to why the United States was not apprised of the submission.
2  While the court advised Arnold it was not able to accept his fax submission as a court filing, it
3  attached the submission as Exhibit A to the minutes so as to include it in the record. To ensure
4  that Arnold received the court's order, it was mailed to his address and transmitted via fax. The
5  court confirmed it would not accept or acknowledge further fax submissions.

6  Arnold mailed the same document (which the court will refer to as Arnold's motion for reconsideration) to the court on February 10, 2015 via the United States Post Office, and the court accepted it as a filing in this case. (*See* Minutes 3:15-cv-00109-MMD-WGC, Doc. # 1[2].) The court set a hearing on Arnold's motion for March 12, 2015 at 10:00 a.m. (*Id*.) The court ordered Arnold to appear at the hearing. (*Id*.) The court also directed the Clerk to open a district court case file within the court's Case Management/Electronic Case Filing (CM/ECF) system, to create a record for this matter and requested that the order be disseminated to Assistant United States Attorney Carla Higginbotham and Assistant Federal Public Defender Lauren Gorman. (*Id.*)[3] The motion appears at Doc. # 2 in 3:15-cv-00109-MMD-WGC.

**C. Motion for Reconsideration (Doc. # 2)**

In this motion, Arnold asserts that his court-appointed attorney will not assist him. (Doc. # 2 at 1.) He requests that the court: (1) vacate the judgment issued at his appearance; (2) return the $70 he paid; (3) order the citations dismissed with prejudice; (4) make whatever orders are necessary against the person who wrote the citation; (5) grant Arnold restitution for false arrest and incarceration; (6) refer his concerns to the United States Attorney in the Central District of California; and (7) to admonish his court-appointed attorney, Ms. Gorman. (*Id*. at 2.)

First, Arnold contends that he was coerced into pleading no contest by Ms. Gorman who made deals with the prosecuting attorney without regard to the evidence or his statements to her that the citations should be dismissed and that he be released from custody. (*Id*.) He contends that his no contest plea was not made by his own will. (*Id*.) He asserts that Ms. Gorman told him

---

[2] Refers to court's docket number.

[3] The Clerk's Office elected to open this as a civil file even though it stems from warrants issued relative to petty offense violation notices.

- 3 -

1  if he did not plead guilty he would be extradited to Riverside, California, but the cases were
2  transferred to this district which eliminated the possibility of extradition. (*Id*.) He maintains that
3  he wanted the citations dismissed, but she refused to do so. (*Id*.) As such, he wishes to retract his
4  plea, vacate the judgment and return the $70 of the fine he already paid. (*Id*.)

5  Second, Arnold asserts that his Miranda rights were violated when he was arrested on the
6  warrants from California, and was not told of his charges until he came to court the following
7  day. (*Id*. at 3.) He contends that the court took on the Montana citation, even though it had
8  already been dismissed by a judge in that district. (*Id*.)

9  Third, Arnold states that he was never served with the underlying citations; therefore, he
10  considers them fraudulent. (*Id*. at 3-4.) He claims that the person who wrote the California
11  citations has committed crimes against him and his company in the past. (*Id*. at 4.) He contends
12  that the citations do not contain sufficient identifying information to be valid. (*Id*. at 7.)

**D. Appeal of Minute Order Dated 2/11/2015 (Doc. # 5)**

On February 20, 2015, Arnold filed a document titled "Appeal of Magistrate Judge Cobb's Minute Order Dated 2/11/2015" (Doc. # 5), wherein he argues that the undersigned denied his motion for reconsideration via the minute order. (*Id*.) He then reattaches the motion for reconsideration, as well as a response to the minute order. (*Id*.)

While the undersigned has *not* disposed of the motion for reconsideration, and in fact set it for hearing on March 12, 2015, this appeal" (Doc. # 5) remains pending before District Judge Du.

It appears that the Clerk filed in the attachment to Arnold "appeal" filed at Doc. # 5, which is a copy of his original motion for reconsideration as its own document, instead of including it with the appeal. (Doc. # 6.) The "response" to the minute order was also docketed separately at Doc. # 7.

**E. Motion to Withdraw as Attorney (Doc. # 10)**

On February 25, 2015, Ms. Gorman and the Federal Public Defender's Office filed a motion to withdraw as appointed counsel due to the obvious conflict of interest as a result of Arnold's claim that he was coerced into entering the nolo contendere plea by Ms. Gorman. (Doc.

# 10.)  The court will address this motion at the March 12, 2014 hearing.

**F. Notice of Appeal from Magistrate Judge's Judgment of Conviction and Sentence (Doc. # 12)**

On February 26, 2015, Arnold, through appointed-attorney, Ms. Gorman, filed pursuant to Federal Rules of Criminal Procedure 58(g)(2)(B) and 58(c)(4), a notice of appeal to the District Court from the judgment pronounced on January 30, 2015. (Doc. # 12.)

**G. E-mail to Judge Du's Chambers**

On March 11, 2015, Arnold sent an e-mail to District Judge Du's Courtroom Administrator, Peggie Vannozzi, which was forwarded to the undersigned. Arnold attached to the e-mail what he termed "5 procedural motions" that "need to be reviewed" and decided on by Judge Du's chambers, and asked that she print them and give them to Judge Du "or whoever is assigned to my case." He also asserts in the email that the undersigned does not have jurisdiction over the case. The court will address the initial issue of Arnold sending documents to the court via e-mail, and then will address specific pertinent issues raised in the documents.

**1. E-mail Submissions**

Arnold requests a waiver of the rules for submitting and filing documents, letters and exhibits to the court, and a special order to allow him to electronically file all documents and letters and exhibits via CM/ECF.

Neither the Federal Rules of Civil Procedure, Federal Rules of Criminal Procedure or corresponding local rule provisions permit any party to submit filings to the court via e-mail. If a pro se party wishes to file documents electronically, he or she may submit a motion to do so and must provide certification of completion of the CM/ECF tutorial and that he or she is familiar with electronic filing procedures, best practices, and the civil and criminal events menu accessible on the court's website, www.nvd.uscourts.gov. Upon filing of this certification, a party must contact the CM/ECF help desk at (702) 464-5555 to set up a CM/ECF account.

Therefore, Arnold's request is **DENIED**. The court will not accept Arnold's filings via fax or e-mail. If Arnold wishes to file documents electronically, he must comply with the instructions above to utilize CM/ECF.

- 5 -

While the court will not accept the documents sent to Ms. Vannozzi as filings, it will attach the documents as exhibits to this order so there is a record, and will nevertheless address various issues raised within these documents insofar as they pertain to the hearing scheduled for tomorrow, March 12, 2015.

**2. The Undersigned's Jurisdiction & Request to Vacate the March 12, 2015 Hearing**

Nothing in Rule 58 divests the undersigned of jurisdiction to hear matters properly before me simply because a notice of appeal of a judgment was filed. Thus, the undersigned will proceed with addressing the motion for reconsideration (Doc. # 2) and counsel's motion to withdraw (Doc. # 10) at the March 12, 2015 hearing, and Arnold's request to vacate that hearing is **DENIED**. The hearing will proceed as scheduled.

**3. Request for Stay of Judgment**

Arnold has requested a stay of judgment in this case. Pursuant to Rule 38, the district court must stay a sentence to pay a fine pending appeal, but "may stay the sentence on any terms considered appropriate and may require the defendant to: (1) deposit all or part of the fine and costs into the district court's registry pending appeal; (2) post a bond to pay the fine and costs; or (3) submit to an examination concerning the defendant's assets and, if appropriate, order the defendant to refrain from dissipating assets." Fed. R. Crim. P. 37(c).

Therefore, Arnold's request is **GRANTED**; and the fine imposed shall be stayed while the appeal is pending.

**4. Request that the Undersigned Recuse Himself**

Arnold requests that the undersigned recuse himself from this case because he has appealed the rulings to District Judge Du, and he believes the undersigned has mishandled this case. Moreover, he points out that he is a plaintiff in a separate civil case, which he claims the undersigned has also mishandled, and is biased against him.

The court sees no valid reason for recusal. Recusal is governed by 28 U.S.C. §§ 144 and 455. Section 144 provides a procedure for a party to recuse a judge, whereas Section 455 imposes an affirmative duty on a judge to recuse himself.

28 U.S.C. § 144 provides:
Whenever a party to any proceeding in a district court makes and files a timely

- 6 -

and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certified of counsel of record stating that it is made in good faith.

28 U.S.C. § 455 provides, in pertinent part, that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" and he must also disqualify himself if "he has a personal bias or prejudice concerning a party[.]" 28 U.S.C. § 455(a), (b)(1).

Under either section, recusal is appropriate where a "reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted); *see also Datagate, Inc. v. Hewlett-Packard Co.*, 941 F.2d 864, 870 (9th Cir. 1991) (citation omitted). Arnold's request that the Magistrate Judge recuse himself is based solely on his disagreement with orders issued by the Magistrate Judge in his cases. There are no facts that can be construed as asserting actual or apparent bias. Adverse rulings are not sufficient grounds for a judge to recuse him or herself. *Liteky v. United States*, 510 U.S. 540, 556 (1994); *see also Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999). Therefore, this request is also **<u>DENIED</u>**.

**IT IS SO ORDERED**.

Dated: March 11, 2015.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

**EXHIBIT A**



*Peggie Vannozzi*
*Courtroom Administrator to Judge Miranda M. Du*
*U.S. District Court, District of Nevada*
*775-686-5839*

----- Forwarded by Peggie Vannozzi/NVD/09/USCOURTS on 03/11/2015 11:09 AM -----

From:      "David Arnold" <david_a@efn.org>
To:        Peggie_Vannozzi@nvd.uscourts.gov
Date:      03/11/2015 05:20 AM
Subject:   5 Motions - Expedite

Re: 4 Violation Cases combined CC15-3996421 through 3996424

Attached are 5 Procedural Motions that need to be reviewed and decided on immediately by the District Judge assigned to my Appeal.  I believe the District Judge assigned is Judge Du.

They are in PDF form.  Please print them out and give them to Judge Du or whoever is assigned to my case.

I have also sent them via fax; I believe Katie Ogden is receiving them; she should give them to you or Judge Du or whoever should get them to the right place, since Magistrate Judge Cobb no longer has jurisdiction over the case, but these PDF prints will be easier to read.

Print copies will be sent by mail at a later date when I am able.  Fax and this email are the only methods I have to send these documents at the moment.  My court-appointed attorney has abandoned me, so I am forced to do this myself.  Two of the Motions should correct and help alleviate the problems with me representing myself and getting stuff filed in this court.  I have asked for electronic filing already, but the court has not answered, and I can't wait any longer.

The Motions are under a time constraint, so I am trying to get them to the court fast.  Two of the Motions must be decided on immediately; one of those is a request to cancel a hearing set for Thursday March 12.

Thank you for your attention to this.

David Arnold
Defendant acting in Pro Se
email: david_a@efn.org
phone/messages: 760-709-1825

[PDF] motion1 to stay judgment.pdf     [PDF] motion2 to quash hearing.pdf     [PDF] motion3 for special filing.pdf

[PDF] motion4 to recuse cobb.pdf     [PDF] motion5 to appoint new atty.pdf

```
1  DAVID ARNOLD
   c/o Dean Tuckerman
2  409 York St. #303
   Bellingham, WA 98225
3  phone/messages: (760) 709-1825
   email: david_a@efn.org
4  Defendant acting in Pro Se
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA, RENO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>DAVID ARNOLD,<br><br>          Defendant.<br>_____ | Violation Nos.  CC15-3996421<br>                    through 3996424<br><br><br>MOTION TO STAY JUDGMENT |

Defendant requests an immediate Stay of the Judgment in this case.  Defendant has never received the judgment, and his recollection of the events transpiring in the courtroom he was brought into on January 30, 2015, is hazy and unclear, as Defendant was in custody, in handcuffs and chains in the courtroom, and under a lot of stress because of his situation and also because of his being coerced and threatened with further harm by his court-appointed attorney and also because Defendant is disabled with mental disabilities as well as being in physical pain partially due to his physical disabilities and his situation related to being in custody.

Defendant cannot be expected to comply with a judgement not given to him in writing but possibly only partially given to him verbally in court under the aforementioned circumstances and situation.  Defendant has asked his court-appointed attorney Lauren Gorman for a copy of the judgment and she promised to mail it to him, but she did not mail it.  She did not mail other promised documents

1  from the case to him either.  The Chief Federal Public Defender of Reno, Michael Kennedy, recently
2  informed Defendant that the judgment has not been written yet, and that is why Ms. Gorman did not
3  mail it to Defendant.  Defendant does not know whether a written judgment has been issued, but cannot
4  be expected to address something that he doesn't have and may not even exist.
5
6       Based on what Defendant remembered from his court appearance on January 30, 2015, which
7  remembrance may be incorrect, Defendant thereafter paid a total of $70 to the CVB online, but isn't sure
8  whether this was the correct thing to do.  The cvb website did not inform Defendant of what the
9  judgment was or what he was supposed to pay, but Defendant made some payments, possibly on the
10 wrong citations or possibly for a different thing, Defendant is unclear; all Defendant knows is he entered
11 his credit card on a form online at www.pay.gov (NOT the cvb's website) and made a payment of $70.
12 As Defendant cannot afford to pay this money and also survive, and because Defendant is asking for a
13 Stay of the Judgment, and because Defendant is not clear as to what the judgment actually orders him to
14 do if anything, Defendant requests that this $70 be immediately refunded to him.
15
16      Defendant's case is on Appeal, and as Defendant cannot afford to pay any money and also
17 survive, and because Defendant has not been served with a judgment, and because it is possible that a
18 judgment has not been made yet, and in any case, Defendant does not know what the judgment, if any,
19 orders, Defendant for these reasons requests whatever judgment there should appear to be be granted a
20 Stay for the present Appeal.
21
22      Dated: March 2, 2015
23                                              By:  _____
24                                              DAVID ARNOLD,
                                             Defendant acting in Pro Se
25

```
DAVID ARNOLD
c/o Dean Tuckerman
409 York St. #303
Bellingham, WA 98225
phone/messages: (760) 709-1825
email: david_a@efn.org
Defendant acting in Pro Se
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA, RENO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Violation Nos.  CC15-3996421 |
| ) | through 3996424 |
| v. ) | |
| ) | |
| DAVID ARNOLD, ) | |
| ) | MOTION TO QUASH HEARING |
| Defendant. ) | |
| ) | |
| _____ ) | |

    Defendant has recently received a Minute Order In Chambers dated February 20, 2015, issued by Magistrate Judge William G. Cobb, setting a Preliminary Hearing on Defendant's Motion For Reconsideration on March 12, 2015 at 10:00 AM, and stating that Defendant shall appear.  This hearing must be CANCELLED for the following reasons.

    Magistrate Judge Cobb has already effectively denied Defendant's Motion/Request for Reconsideration for 2 reasons in a Minute Order dated February 11, 2015.  That order has not been rescinded, and the present Order does not state that it is rescinded.  The present order appears to alleviate one of the reasons for the denial of the previous order, but not the other reason.

    The February 11, 2015 Minute Order was APPEALED by Defendant to a District Judge and it is believed to be now assigned to Judge Miranda M. Du.  Jurisdiction therefore is with another judge.

1  Magistrate Judge Cobb cannot set a hearing on the same Motion that was previously denied and
2  appealed and is now before a different (and higher) judge.
3
4      This ENTIRE case, formerly before Magistrate Judge Cobb, has been APPEALED, not just
5  Judge Cobb's February 11 Minute Order, and Judge Cobb is no longer involved and can be no longer
6  involved in any aspect of this case.
7
8      Also, the present Minute Order of February 20, states that a copy shall be sent to Federal Public
9  Defender Lauren Gorman.  The court should note that Lauren Gorman is no longer representing
10 Defendant due to a conflict of interest and other reasons, and the court should be appointing substitute
11 counsel for the defense.  Defendant can be represented by his attorney and is not required to appear at
12 such a Motion For Reconsideration, so the direction that "defendant shall appear" is improper.  The
13 hearing also cannot take place while Defendant is unrepresented, and until Defendant is assigned a new
14 attorney.  This would apply to ALL hearings that may be subsequently set, not just the one set for
15 March 12, 2015.
16
17     Also, Defendant cannot appear due to his lack of proximity to the court and his disabilities and
18 living situation and indigency that prevent him from getting to the court on that day.
19
20     Dated: March 2, 2015
21                                                      By: _____
22                                                           DAVID ARNOLD,
                                                          Defendant acting in Pro Se
23

```
1  DAVID ARNOLD
   c/o Dean Tuckerman
2  409 York St. #303
   Bellingham, WA 98225
3  phone/messages: (760) 709-1825
   email: david_a@efn.org
4  Defendant acting in Pro Se
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA, RENO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Violation Nos.  CC15-3996421 |
| ) | through 3996424 |
| v. ) | |
| ) | |
| DAVID ARNOLD, ) | |
| ) | MOTION FOR SPECIAL ORDER FOR FILING |
| Defendant. ) | |
| ) | |
| _____ ) | |

Defendant requests a waiver of the rules for submitting and filing documents and letters and exhibits to this court, in both form and content as well as their manner of submission, and also requests a Special Order to allow Defendant to electronically file all documents and letters and exhibits via CM/ECF, for the following reasons.

Because Defendant's court-appointed attorney has abandoned him and refused to file documents for him for his appeal per LCR 44-3, Defendant must file documents himself to the best of his abilities. The court is already using the NEF (Notice of Electronic Filing) procedure to disseminate documents to U.S. Attorneys, Defendant's former court-appointed attorney, clerks of the court, and others; Defendant is at a disadvantage by not being able to use the same electronic filing procedures.

Defendant does not have a printer, but types everything on a computer he uses as an aide for his

1  disability.  He does have the capability to easily print all documents in PDF form, ready for uploading to
2  the CM/ECF system or sending as an attachment to email.  He has email access and fax access, as well as
3  web internet access to the CM/ECF system and currently has a Pacer/CM/ECF account.  He does not
4  know how to upload PDF files for his case, and needs to be instructed and possibly given permission to
5  submit all documents this way, even possibly an additional login and/or password and/or account.
6
7       Defendant is disabled, indigent, his living situation is poor, and he lives far from the court and
8  other facilities including a post office or other facility to mail documents or send by any other courier
9  means, and a place to print his documents.  He lacks adequate transportation to the court or to a post
10 office or other courier facility or a printing place.  He lacks sufficient funds to pay for special courier
11 services to come to him and print and mail documents for him., or special transportation to get him to
12 such facilities including a post office and a printing place.
13
14       Defendant's disabilities and his indigency and his living situation all contribute to his inability to
15 get to a place to print out documents in hard copy form, and to get to the court to deliver such
16 documents in person or to get to a post office to mail them.  He is usually able to upload documents
17 electronically with no issues, but hasn't tried it yet to make sure.  His disabilities, indigency, and living
18 situation should not impede on his ability to send all documents to the court in electronic form, either via
19 CM/ECF or via email attachment.
20
21       Defendant can EVENTUALLY submit documents to the court via mail (and maybe in-person
22 hand-delivered), but only infrequently, and not under a time constraint.  In other words, documents
23 submitted this way might be untimely.  In an effort to be timely, Defendant requests submission of all
24 documents either by email attachment to the court and any other party or person the court requests
25 Defendant to send copies to, or by uploading through the Pacer/CM/ECF filing system.  For CM/ECF
26 filing Defendant will of course need a Case Number for the present case, and the case will need to be
27 entered in the Pacer/CM/ECF system.  Currently this is a Violation case, and court clerks have told
28 Defendant that the only case number is the 4 (or 5 if you include Montana) case numbers, and

furthermore this case is not in the computer system so Defendant obviously cannot currently access it over the internet.

It should be noted that Defendant does not have a scanner, so cannot send exhibits electronically to the court that he does not already have in electronic form.  Photocopies will be made of any such exhibits and they will be submitted at a later date by mail or hand-delivered.

Defendant therefore requests either 1) he be allowed to submit and cc all documents via fax and he be given fax numbers for that purpose, 2) he be allowed to submit and cc all documents via email and he be given email addresses for that purpose, or 3) he be allowed to submit all documents to the court and others via the CM/ECF system and he be given the required login/etc. and instructions on how to do that and the court clerks directed to post the case on the CM/ECF system for Defendant to fully access his case, including downloading documents as well.

Dated: March 2, 2015

By: _____
DAVID ARNOLD,
Defendant acting in Pro Se

```
DAVID ARNOLD
c/o Dean Tuckerman
409 York St. #303
Bellingham, WA 98225
phone/messages: (760) 709-1825
email: david_a@efn.org
Defendant acting in Pro Se
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA, RENO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>       Plaintiff, )<br>)<br>  v. )<br>)<br>DAVID ARNOLD, )<br>)<br>       Defendant. )<br>)<br>_____) | Violation Nos.  CC15-3996421<br>              through 3996424<br><br><br>MOTION TO RECUSE |

Defendant is asking for Magistrate Judge William G. Cobb to be recused from this case for the following reasons.

Defendant has Appealed Judge Cobb's rulings/judgments to the District Judge, and Defendant has been informed that the case has been assigned to Judge Miranda M. Du.  While Judge Du can commonly forward various tasks to a Magistrate Judge to effect, that Magistrate Judge cannot be Magistrate Judge Cobb since the Appeal is of his rulings/judgments and this would be a conflict of interest and a conflict of the appeal under the judicial system.

Defendant believes Magistrate Judge Cobb to have mishandled this case in various ways described by Defendant in other documents/letters he has written/filed in this case.  He should not be handling any aspects of this case any further, whether on Appeal or otherwise.

Defendant is also a Plaintiff in a civil case in this court that relates to the present case in its issues and defendants, though not in its causes of action. The United States is the defendant in that civil case. That case is assigned to Magistrate Judge Cobb. Magistrate Judge Cobb in that case has mishandled certain aspects of that case, including but not limited to, failure to schedule and order an injunction that would have prevented the present case from even existing, including preventing Defendant from being arrested and brought to this court as a Defendant.

Magistrate Judge Cobb is now biased against Defendant who is on different sides of two cases: plaintiff and defendant, and this constitutes a conflict and an inherent bias with Magistrate Judge Cobb because of his bungling of both cases and because of his natural bias against Defendant because of his being a Plaintiff, on the other side, as it were. Further, it has been noted that Defendant is actually a Victim of crimes in the present case and should not be a defendant at all; Defendant is a victim in his civil suit which is why he is a Plaintiff there.

For these reasons, Magistrate Judge William G. Cobb should be recused from any further involvement in this case, as well as recused from the other civil case in which Defendant is a Plaintiff due to his now being biased in that case because of the existence of the present case and Magistrate Cobb's bias and involvement.

Dated: March 2, 2015

By: /s/ David Arnold
DAVID ARNOLD,
Defendant acting in Pro Se

```
DAVID ARNOLD
c/o Dean Tuckerman
409 York St. #303
Bellingham, WA 98225
phone/messages: (760) 709-1825
email: david_a@efn.org
Defendant acting in Pro Se
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA, RENO

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                             )<br>            Plaintiff,             )<br>                                                             )<br>      v.                                                  )<br>                                                             )<br>DAVID ARNOLD,                         )<br>                                                             )<br>            Defendant.            )<br>                                                             )<br>_____) | Violation Nos.  CC15-3996421<br>                            through 3996424<br><br><br>MOTION TO APPOINT NEW ATTORNEY |

  Defendant is currently forced into acting in Pro Se because his court-appointed attorney, Assistant Federal Public Defender Lauren Gorman has abandoned him and has violated LCR 44-3.  Per that rule, a court-appointed attorney must file an Appeal if Defendant wants to and communicates that to his attorney.  Defendant did tell both Lauren Gorman and her supervising attorney, Chief Federal Public Defender Michael Kennedy, that he wanted to appeal, but both of them REFUSED to appeal the case for Defendant, and DISCOURAGED Defendant from appealing.  Per that rule, a court-appointed attorney must continue to represent a client on appeal and through such appeal proceedings.  The Federal Public Defenders Office is guilty of Abandonment Of Client.

  Defendant's court-appointed attorney Lauren Gorman, made private personal deals with prosecutors (U.S. Attorneys) and others in different jurisdictions as well as this one without Defendant's knowledge, and in detriment to Defendant and his case.  Lauren Gorman coerced Defendant into pleading guilty to charges he was not being brought into court for and to which Defendant knew and had been

previously informed had been dismissed with prejudice by another jurisdiction.  Lauren Gorman refused to discuss or even acknowledge Defendant's request to her to Demur to the charges and/or otherwise request them to be dropped and/or dismissed, and the reasons, testimony, and evidence Defendant gave to Lauren Gorman on this behalf.  Lauren Gorman, in her capacity as Defendant's attorney, also made comments to Defendant that opposed Defendant's civil suit in this court where he is a Plaintiff on issues related to the present case.

   Ms. Gorman would appear by all these points to be in opposition to Defendant, rather than on Defendant's side, supporting him.  Since this constitutes a conflict of interest, the Federal Public Defenders Office in Reno has agreed to withdraw as Defendant's representative, but has as yet to file such a withdrawal in this court.  Defendant must make this withdraw as a statement himself.  Since the rules in LCR 44-3 must be adhered to, this court must appoint Defendant another attorney to continue with his appeal.

   Defendant is currently without an attorney, in violation of LCR 44-3 and is being damaged by having to file all these documents and make all these statements himself in Pro Se, because this violates his U.S. Constitution 5th and 6th Amendment rights, which rights he asserted in writing and signed before appearing in court on January 30, 2015 in front of attorney Lauren Gorman.

   Since the entire Federal Public Defenders Office in Reno is under the conflict of interest, this court must appoint a private attorney pro bono to represent Defendant immediately.  Such attorney should be in the court's local area of Reno/Sparks/Truckee, and since this case involves violation notices written (through not served) in California and Defendant currently lives in California in the Truckee area, Defendant suggests an attorney licensed to practice both in Nevada and California, or at least licensed in California and authorized to practice in a Federal Court in Reno, Nevada.

Dated: March 2, 2015       By: _____
                               DAVID ARNOLD,
                               Defendant acting in Pro Se