UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

UNITED STATES OF AMERICA

                    Plaintiff/Appellee,

    v.

DAVID B. ARNOLD,

                    Defendant/Appellant.

Case No. 3:15-cv-00109-MMD-WGC

ORDER

I.    SUMMARY

        This case involves an appeal of the magistrate judge's judgment finding David Arnold ("Arnold") guilty on his plea of nolo contendere to four citations originating out of the Central District of California pursuant to 18 U.S.C. § 3402. Arnold seeks to set aside his nolo contendere pleas based on the absence of a written waiver consenting to transfer of venue to the District of Nevada. The government argues that Arnold's appeal was untimely and improper; and because Arnold knowingly and willingly consented to the transfer of the citations to the District of Nevada, the absence of a written waiver of venue was a ministerial failure that does not affect the legitimacy of Arnold's convictions. The Court finds that Arnold's waiver of venue was knowing and voluntary and affirms the decision of the magistrate judge.

II.    BACKGROUND

        On January 29, 2015, Arnold was arrested near Reno for five outstanding warrants out of California and Montana relating to improper camping on federal land.

(Dkt. no. 35 at 3-4.) He was assigned a public defender and agreed to a plea agreement wherein he would plead nolo contendere to four California violations and the remaining Montana charge would be dismissed. (*Id.* at 4.) At a hearing held on January 30, 2015, before the United States Magistrate Judge William G. Cobb, Arnold pled nolo contendere to the four California citations. Magistrate Judge Cobb asked Arnold if he wished to have the California charges transferred to Nevada, and Arnold replied affirmatively.[1] (*Id.*) Pursuant to the plea agreement, Judge Cobb imposed a fine of $140 to be paid in two payments. (*Id.* at 5.) Arnold was released from custody later that day. He made the first of the two payments on time. (*Id.* at 5-6.)

On February 10, 2015, Arnold mailed a document entitled "Motion for Reconsideration" directly to Judge Cobb's chambers, and he faxed the same document the next day. (Dkt. nos. 2, 3.) Arnold prepared the Motion for Reconsideration pro se without the aid of Arnold's appointed counsel. (Dkt. no. 35 at 6.) The Motion for Reconsideration stated, in part, "[i]f any of this is denied, I reserve the right to request Review by a District Judge or Appeal to a higher court." (Dkt. no. 2 at 1.) Arnold also filed an objection seeking to appeal the Magistrate Judge's decision to the district court. (Dkt. no. 5.)

The Magistrate Judge issued a minute order accepting the Motion for Reconsideration as a case filing and setting a date for a hearing. (Dkt. no. 1.) Arnold's appointed counsel filed a motion to withdraw as counsel on February 25, 2015 (dkt. no. 10) and a notice of appeal on February 26, 2015 (dkt. no 12). On March 12, 2015, the Magistrate Judge granted counsel's motion to withdraw and appointed substitute counsel to represent Arnold. (Dkt. no. 16.)

Arnold's newly appointed counsel filed a motion to withdraw the Motion for Reconsideration (dkt. no. 27), which the Magistrate Judge set for hearing on April 13, 2015. During that hearing, the Magistrate Judge granted the motion to withdraw the

///

---

[1]By consenting to the transfer of the California citations to be heard in this district, Arnold avoided being held in custody to be transferred to the Central District of California. (Dkt. no.36-1 at 113.)

1  Motion for Reconsideration. (Dkt. no. 29.) The parties agreed that the appropriate means

2  to resolve a challenge to Arnold's plea was an appeal to a district court judge. (Dkt. no.

3  31 at 4.)

4      Arnold filed his opening brief on August 17, 2015. (Dkt. no 35.) The government

5  filed its answering brief on August 28, 2015. (Dkt. no 36.) Arnold filed his reply brief on

6  September 11, 2015. (Dkt. no 37.) This Court now considers Arnold's appeal.

7  ### III.    LEGAL STANDARD

8      18 U.S.C.A. § 3402 provides that "[i]n all cases of conviction by a United States

9  magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to

10 a judge of the district court of the district in which the offense was committed." This

11 Court's review of findings of fact are "governed by the same standards as an appeal

12 from a judgment of a district court to the court of appeals . . . [t]hus, the judgment is

13 reversible only if it is clearly erroneous or contrary to law." *United States v. Ramirez*, 555

14 F. Supp. 736, 738-39 (E.D. Cal. 1983). Issues of law are reviewed de novo. *See United*

15 *States v. Wazelle*, No. CR-F-04-5376 AWI, 2006 WL 2536610, at *3 (E.D. Cal. Aug. 31,

16 2006).

17 ### IV.    DISCUSSION

18     The Court need not address the timeliness or completeness of Arnold's notice of

19 appeal because the Court finds, even if the appeal was procedurally proper in all

20 respects, it fails on the merits.

21     Arnold argues that because he did not sign a written waiver assenting to the

22 transfer of venue for the camping violations in California to the District of Nevada, his

23 nolo contendere pleas must be set aside. Federal Rule of Criminal Procedure 58(c)(2)(A)

24 sets forth the "Conditions of Waiving Venue" as follows:

25     If a defendant is arrested, held, or present in a district different from the
       one where the indictment, information, complaint, citation, or violation
26     notice is pending, the defendant may state in writing a desire to plead guilty
       or nolo contendere; to waive venue and trial in the district where the
27     proceeding is pending; and to consent to the court's disposing of the case
       in the district where the defendant was arrested, is held, or is present.
28

The government does not dispute that Arnold never signed a written agreement to waive venue. However, the government argues that Arnold's repeated on-the-record affirmations that he understood he was waiving a right to be tried in the jurisdiction of each of the violations overcome any ministerial error. The government relies on a line of cases wherein the Ninth Circuit Court of Appeals has interpreted a similar written waiver requirement of the right to a jury trial and found that the waiver need not be in writing.

Federal Rule of Criminal Procedure 23(a)(1) requires a defendant to waive his or her right to a jury trial in writing. The Ninth Circuit has repeatedly recognized that an oral stipulation in front of a judge can satisfy this requirement, even in the absence of a written waiver. *See United States v. Guerrero-Peralta,* 446 F.2d 876, 877 (9th Cir. 1971) ("An oral stipulation may, under certain circumstances, satisfy the Rule, but it must appear from the record that the defendant personally gave express consent in open court, intelligently and knowingly, to the stipulation."); *see also United States v. Reyes*, 603 F.2d 69, 72 (9th Cir. 1979) ("absent a signed writing, it is appropriate to require the trial judge to evaluate, at the time of the stipulation, whether the defendant understands the meaning of the stipulation."); *United States v. Cochran*, 770 F.2d 850, 852 (9th Cir. 1985) (same).

Rule 58(c)(2)(A) contains a similar waiver requirement as Rule 23(a)(1) — " the defendant may state in writing a desire . . . to waive venue." Fed. R. Crim. P. 58(c)(2)(A). A defendant's waiver of venue must be knowing and voluntary. *See United States v. Grinage*, 117 F. App'x 135, 138 (2d Cir. 2004). Arnold argues that Rule 58(c)(2)'s requirement is different than 23(a)(1)'s requirement because it is "inextricably intertwined with waiver of a defendant's rights to a trial before the Magistrate, to confrontation and cross-examination of the evidence and witnesses against him, and to present evidence and witnesses on his own behalf." (Dkt. no. 37 at 4.) The Court agrees that Rule 58(c)(2) protects important due process rights. But the right to a jury trial is equally, if not more important, *see, e.g.*, *Duncan v. Louisiana*, 391 U.S. 145, 153, (1968) (discussing the history of the right to trial by jury and calling such a right "fundamental to our system of

justice"), and the Ninth Circuit has found that a clear recorded oral indication of knowing and voluntary waiver is just as good as a written agreement in protecting that right. *See Guerrero-Peralta*, 446 F.2d at 877. The Court sees no reason why that reasoning should not apply to Rule 58.

Arnold's verbal waiver of his right to venue to have the four citations heard in California contains all the indicia of reliability to show he understood his right and voluntarily waived those rights. At the January 30, 2015, hearing, Arnold clearly indicated, at least three times, that he understood the charges were being transferred to the District of Nevada, and he agreed that he wanted them transferred. (Dkt. no. 36-1 at 25-27.) Arnold further indicated that he understood that he had the right to a trial in which he could cross examine witnesses against him, but if he did not enter into the plea agreement, he would have to go to California to assert that right. (*Id.* at 28.) The Magistrate Judge accepted Arnold's plea, implicitly finding that his waiver of venue, given in open court, was knowing and voluntary.

Arnold knowingly and voluntarily waived his right to venue with respect to the California citations to permit these violations to be tried in Nevada. The Magistrate Judge's judgement of conviction is affirmed.

## V.     CONCLUSION

It is hereby ordered that the Magistrate Judge's decision  is affirmed.  The Clerk is instructed to enter judgment and close this case.

DATED THIS 16th day of October 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE